# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN M. MAGUIRE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:08-CV-232 CAS |
| FRANKLIN COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). After reviewing the complaint, the Court has determined that the complaint should not be dismissed at this time. As a result, the Court will order defendants to reply to plaintiff's claims. 42 U.S.C. § 1997e(g)(2).

## **28 U.S.C. § 1915A**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: the Franklin County Sheriff's Department; Eric Fruewirth (deputy); and Ugene Abrare (deputy). In his complaint, plaintiff claims that on two separate occasions his legal mail was opened by defendants Fruewirth and Abrare. Plaintiff has also attached to his complaint several grievances and a court document[1] which indicate that he has complained of this practice on several different occasions relating to several different incidents facilitated by other deputies. On February 20, 2008, plaintiff additionally filed a notice in this case, which the Court will construe as a supplement to his complaint, wherein plaintiff asserts that several Franklin County deputies made copies of his legal mail and passed them out to other inmates. The Court finds that plaintiff's allegations survive frivolity review at this time. As such, defendants will be required to respond to plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall obtain service of process on all named defendants within 120 days of the date of this Order. See Rule 4(m) of the Fed. R. Civ. P.

---

[1] On September 27, 2007, plaintiff's criminal attorney filed a motion in his underlying criminal case requesting the Court to order Franklin County to cease opening his legal mail. In the motion, plaintiff's attorney asserts that the opening of plaintiff's legal mail is occurring "regularly." Pursuant to Federal Rule of Civil Procedure 10(c) the Court will adopt, by reference, the allegations contained in the attachments to plaintiff's complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Docket Number 2, recorded as a Letter to the Clerk, shall be construed as a supplement to plaintiff's complaint.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

*/s/ Charles A. Shaw*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of March, 2008.