# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN MAGUIRE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:08-CV-232 CAS |
| FRANKLIN COUNTY, MISSOURI, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff, a pretrial detainee at the Franklin County Adult Detention Facility, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. In his complaint, plaintiff alleges that deputies with the Franklin County Sheriff's Department, more specifically defendants Eric Fruewirth and Eugene Arberer, opened his legal mail outside his presence. Plaintiff also alleges that several other deputies made copies of his legal mail and passed the copies out to other inmates. Defendant Franklin County Sheriff's Department moves to dismiss plaintiff's claims against it, asserting that it is not a separate juridical entity capable of being sued. Defendants Fruewirth and Arberer argue that plaintiff's claims against them should also be dismissed because his allegations fail to state a § 1983 damage action. For the reasons set forth below, defendants' motion to dismiss will be denied.

## LEGAL STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S.Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## DISCUSSION

Defendant Franklin County Sheriff's Department asserts that it is not a separate juridical entity capable of being sued, and as such, it must be dismissed from this action. The Court agrees that in general a jail or sheriff's department is not a proper party in a § 1983 action. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). When a police department or sheriff's department is alleged to be carrying out an unconstitutional policy or custom, the proper entity subject to suit is the governmental entity and/or municipality that governs the police department or sheriff's department. See, e.g., Tilson v. Forest City Police Dep't, 28 F.3d 802, 807 (8th Cir. 1994); Mosley v. Reeves, 99 F.Supp.2d

1048, 1053 n.4 (E.D. Mo. 2000), Russell v. City of Overland Police Dep't, 838 F.Supp. 1350, 1352 (E.D. Mo. 1993); Tilson v. Forest City Police Dep't, 28 F.3d 802, 807 (8th Cir. 1994).

Upon review of the complaint, the Court finds plaintiff has alleged that the Franklin County Sheriff's Department is and has been engaged in an unconstitutional custom. A "custom" is a persistent widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization. Mettler v Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). The elements of a cause of action pursued under the "custom" theory are: (1) the existence of a continuing wide-spread persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policy-making officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation. Id.

Construing the complaint in the light most favorable to plaintiff, considering all reasonable inferences to be drawn therefrom, and mindful that a motion to dismiss tests solely the sufficiency of the complaint, the Court finds that plaintiff's complaint sufficiently alleges a cause of action against the Franklin County Sheriff's Department's governing body – Franklin County. Plaintiff identifies the custom by which he claims his civil rights were violated – the regular opening and even copying of his legal mail.[1] Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). Plaintiff is not required to plead each fact giving rise to his claim, rather, plaintiff must set forth sufficient detail to establish that his claim is at least plausible on its face. See Leatherman v. Tarrant, 507 U.S. 163, 168 (1993).

---

[1] Attached to plaintiff's complaint is a motion filed by plaintiff's attorney in his underlying criminal case requesting that court to order Franklin County to cease opening his legal mail. In the motion, plaintiff's attorney asserts that the opening of plaintiff's legal mail is occurring "regularly."

Plaintiff has done so with respect to his claims that the Franklin County Sheriff's Department has a purported custom of opening legal mail. Accordingly, given the liberal construction accorded <u>pro se</u> complaints, the Court will construe plaintiff's allegations as a claim brought against Franklin County, which is the proper suable entity here, and deny defendant Franklin County Sheriff's Department's motion for dismissal. <u>See</u>, e.g., <u>Mosley</u>, 99 F.Supp.2d at 1054; <u>Russell</u>, 838 F.Supp. at 1352.

The individual defendants, defendants Fruewirth and Arberer, also argue for dismissal. They assert that the one or two instances where they were specifically identified by plaintiff in his complaint as allegedly opening plaintiff's legal mail cannot suffice to state a claim against them. Upon consideration, the Court finds that plaintiff's allegations against defendants Fruewirth and Arberer are also sufficient to survive a motion to dismiss.

As the Court pointed out in its March 13, 2008 Memorandum and Order, while plaintiff called out only two separate occasions in the body of his complaint when the individually named defendants opened his legal mail, in the exhibits attached to the complaint (and considered part of the complaint pursuant to Fed. R. Civ. P. 10), plaintiff asserts that he has complained of this practice on many separate occasions relating to several different incidents. Again, the plaintiff is not required to plead in his complaint each fact giving rise to his claim. As such, the Court believes plaintiff should be allowed to go forward with his claims against the two individual defendants at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **DENIED**. [Doc. 7]

**IT IS FURTHER ORDERED** that Franklin County, Missouri shall be substituted as a defendant for Franklin County Sheriff's Department. The Clerk of Court shall amend the case

caption and the short caption to reflect the substitution.  The parties are also ordered to use the amended caption, as set forth above, in any future filings with the Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of September, 2008.