# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRYAN M. MAGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-232 CAS |
| ) | |
| FRANKLIN COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for summary judgment. Plaintiff brought this action under 42 U.S.C. § 1983 against Franklin County, Missouri, and Franklin County Sheriff's Department employees Eric C. Fruewirth and Eugene Aberer.[1] Plaintiff alleges that on several occasions his legal mail was opened outside of his presence, in violation of his constitutional rights. In addition, plaintiff claims that on one occasion copies of his legal mail were distributed to other detainees at the Franklin County Adult Detention Facility.

Defendants have moved for summary judgment on the grounds that the evidence fails to establish any claim for municipal liability under § 1983, and because Fruewirth and Aberer are being sued in their official capacities, they are also entitled to judgment as a matter of law. In addition to their motion for summary judgment, defendants have submitted plaintiff's deposition, plaintiff's responses to defendants' request for admissions, and the affidavit of Lieutenant David Boehm, Superintendent of the Franklin County Adult Detention Facility. Plaintiff did not respond to

---

[1]In the complaint, plaintiff refers to Eugene Aberer as "Ugene Abrare."

1

defendants' motion for summary judgment and his time for doing so has now passed. For the following reasons, the Court will grant defendants' motion for summary judgment.

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Fed.R.Civ.P. 56(c).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 257; Heisler v. Metropolitan Council, 339 F.3d 622, 626 (8th Cir. 2003). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**Background**

In his complaint, plaintiff alleges that on two separate occasions defendants Fruewirth and Aberer opened his legal mail. In addition, plaintiff filed a letter, which the Court construed as a supplement to his complaint, wherein plaintiff asserts that several Franklin County deputies made copies of his legal mail and passed them out to other inmates. See Doc. 2.

**Facts[2]**

Plaintiff was booked into the Franklin County Adult Detention Facility on December 4, 2005. Defendant Eric Fruewirth opened plaintiff's legal mail outside of plaintiff's presence on one occasion, on or about June 2, 2007, and plaintiff does not believe that he did it on purpose or with any improper motive. Plaintiff has no evidence that Fruewirth's opening of his legal mail interfered with plaintiff's right to counsel or access to the courts or in any way prejudiced his criminal case.

Plaintiff alleges that defendant Eugene Aberer told him that he opened plaintiff's legal mail outside of plaintiff's presence on one or two occasions, but plaintiff does not know the dates. Plaintiff has no evidence that Aberer acted with improper purpose or motive, nor does he have any evidence that Aberer's opening of his legal mail interfered with or hindered his criminal case in any way.

---

[2]The Court adopts the statement of undisputed facts in support of the motion for summary judgment presented by defendants Franklin County, Missouri, Eric C. Fruewirth, and Eugene Aberer. Doc. 24. The statement of facts is supported by plaintiff's deposition, plaintiff's responses to defendants' request for admissions, and the affidavit of Lieutenant David Boehm. Furthermore, plaintiff has neither submitted a statement of disputed factual issues, nor has he responded to defendants' motion for summary judgment. Because plaintiff failed to submit a statement of material facts as to which he contends a genuine issue exists, as required by Local Rule 7- 4.01(E), for purposes of this motion, plaintiff is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D.Mo. 1999); see also Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005)(where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under Local Rule 7- 4.01(E)).

On or about August 30, 2007, Deputy Thomas of the Franklin County Adult Detention Center opened two pieces of plaintiff's legal mail outside of plaintiff's presence. Plaintiff has no evidence that Thomas acted with an improper purpose or motive or that Thomas's actions hampered or hindered plaintiff's criminal case.

On October 4, 2007, in response to a motion filed by plaintiff in the Circuit Court of Franklin County concerning the opening of his legal mail, Lieutenant Dave Boehm sent an e-mail to all detention personnel at the Franklin County Adult Detention Facility, reiterating the procedure for the opening of detainees' and inmates' legal mail. On October 17, 2007, following the Circuit Court of Franklin County's grant of plaintiff's motion concerning the opening of his legal mail, Boehm sent another e-mail to all detention personnel, reiterating the procedures for the opening of legal mail and advising personnel of the consequences of failing to follow said procedures.

Sometime prior to February 15, 2008, plaintiff requested that a deputy make a photocopy of his outgoing legal mail. Inadvertently, the deputy made more than one copy, and the additional copies were placed in the recycling bin. On or about February 15, 2008, the discarded copies of plaintiff's outgoing legal mail were torn into strips and were used to identify detainees' laundry bundles. On February 26, 2008, in response to plaintiff's grievance concerning the use of the torn strips of his legal mail as laundry distribution tags, Boehm sent an e-mail to all detention personnel, advising that in the event extra copies of the legal documents of an inmate or detainee are made, such documents should be shredded, as opposed to being placed in the recycling bin. Plaintiff has no evidence that the distribution of the torn strips of paper, which were copies of his legal mail, was done on purpose or with any improper motive, or interfered with his right to counsel or access to the courts, or prejudiced his criminal case.

4

Plaintiff has no evidence that the opening of his legal mail by any employee of the Franklin County Adult Detention Facility interfered with his right to counsel or access to the courts or prejudiced his criminal case. Plaintiff has no evidence that the legal mail of other detainees at the detention facility has been opened outside of their presence. Plaintiff has no evidence that Franklin County Sheriff Gary Toelke, or any official or governmental employee of Franklin County, knew of and disregarded the opening of inmates' legal mail outside of their presence. Plaintiff has no evidence that it is the policy of the Franklin County Sheriff's Department/Adult Detention Facility to open any inmate's legal mail outside of their presence and in violation of their rights.

Plaintiff believes that his legal mail was last opened outside his presence on October 22, 2007, the time when it was slid under his cell door while he was sleeping. Other than these instances, plaintiff has had no problems with his legal mail, or anything of that nature, that he attributes to the actions of Franklin County or its deputies.

**Discussion**

Plaintiff brings this action against defendants Fruewirth and Aberer in their official capacities. See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as asserting official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case Franklin County, Missouri. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Although a municipality, such as Franklin County, is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). A plaintiff seeking to hold a municipality liable in a § 1983

action for the deprivation of a federally-secured right caused by a municipal employee must "identify a municipal 'policy' or 'custom' that caused the injury." Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). To prove policy or custom, a plaintiff must prove the existence of "a prior pattern of unconstitutional conduct that is so 'persistent and widespread' as to have the effect and force of law." Andrews v. Fowler, 98 F.3d 1069, 1075 (8th Cir. 1996) (quoting Monell, 436 U.S. at 694). If a plaintiff shows such a pattern of misconduct, he must next prove "[d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policy making officials after notice to the officials of that misconduct." Ware v. Jackson County, Mo., 150 F.3d 873, 880 (8th Cir. 1998). Moreover, a plaintiff must prove that he "was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation." Jane Doe A v. Special Sch. Dist. of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).

Defendants base their motion for summary judgment on the merits of plaintiff's allegations, asserting that none of his claims rise to the level of a constitutional violation, and thus as a matter of law, they are entitled to summary judgment. Having carefully reviewed the record, the Court agrees that plaintiff has failed to identify a municipal policy or custom that caused him injury.

More specifically, the undisputed facts establish that plaintiff admits he has no evidence demonstrating the existence of a pervasive pattern of unconstitutional conduct relative to the opening of his or another detainee's or inmate's legal mail. Moreover, even if plaintiff had shown such a pattern of misconduct, he has failed to produce any evidence of defendants' deliberate indifference to or tacit authorization of such conduct. Indeed, the evidence establishes the contrary. In his affidavit, Lieutenant Dave Boehm states that after being notified that plaintiff had filed a motion in

6

Franklin County Circuit Court relative to the unconstitutional opening of his legal mail, he sent an e-mail to all detention personnel, reiterating the proper procedure for the opening of detainees' and inmates' legal mail. Moreover, on October 17, 2007, following the Circuit Court's grant of plaintiff's motion concerning the opening of his legal mail, Boehm sent another e-mail to all detention personnel, reiterating the procedures for the opening of legal mail and advising personnel of the consequences of failing to follow said procedures. On February 26, 2008, in response to plaintiff's grievance concerning the use of the torn strips of his legal mail as laundry distribution tags, Boehm sent another e-mail to all detention personnel, advising that in the event extra copies of the legal documents of an inmate or detainee are made, such documents should be shredded, as opposed to being placed in the recycling bin.

As such, the Court concludes that, as a matter of law, defendants Franklin County, Missouri, Eric C. Fruewirth, and Eugene Aberer are entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Franklin County, Missouri, Eric C. Fruewirth, and Eugene Aberer's motion for summary judgment is **GRANTED**. [Doc. 23]

A separate Judgment shall be filed with this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   1st   day of September, 2009.